Russell Edmond Ingold and Leta Holtzendorff Ingold v. Commissioner.
Ingold v. Commissioner
Docket No. 24228.
United States Tax Court
1950 Tax Ct. Memo LEXIS 208; 9 T.C.M. (CCH) 382; T.C.M. (RIA) 50109; April 26, 1950
*208 C. Steele Bowen, Esq., 218 Emaxcee Bldg., Greenville, S.C., for the petitioners. Bernard D. Hathcock, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the years 1944 to 1947, inclusive. Deficiencies were determined as follows: $378.55 for 1944, $1,530.57 for 1945, $2,501.14 for 1946, and $2,693.50 for 1947. The issues for trial, as announced in the opening statement of the petitioners at the hearing, involve credit for certain timber, credit for depreciation on saddles, and credit for unbanked cash, in the computation of income determined by the respondent upon a basis of petitioners' net worth. [The Facts] The only facts admitted by the pleadings or proved by the petitioners on trial were as follows and we find: That the petitioners, who are husband and wife, reside at Greenville, South Carolina. They filed joint returns for the taxable years with the collector for the district of South Carolina. Russell Edmond Ingold, the husband, will be referred to as the petitioner. He is a dentist and has been such for 40 years, practicing in Greenville, South Carolina, since 1915. At the close of the year 1943, in *209 addition to the practice of dentistry, the petitioner was engaged in operating a riding academy and farm. He owned some saddles for horses rented to people to ride, from which source he received income. He bought the first horses in 1938, but used them for hire for the first time in 1941 when he began renting horses to the general public as well as to colleges upon contracts. The petitioner started, in 1910, a system of saving $10 a week. He started by depositing in the bank. He recounted the money each year to see that it was correct, keeping a slip that went with it to show how much was there each year. The slip was compiled at the end of each year. The petitioner has some of the slips and possibly all of them. He also has records showing when he bought the first saddles and how much they cost. He had at trial none of the records, either the records as to saddles or the slips reflecting money savings. [Opinion] After producing the above evidence the petitioner rested. Upon such record it is obvious that the petitioner has not shown any error on the part of the Commissioner in the determination of the deficiencies, as above set forth. No evidence whatever was adduced as to *210 credit for timber, and though mention was made of saddles it is clear that there is no proof of error in the allowances for depreciation thereon. It is equally clear that though the evidence mentions a system of savings initiated in 1910, no proof whatever was made of the amount of such savings at the beginning of the taxable years or whether it was not in bank and not taken into consideration in the computation of income upon the net worth basis, as appears, from the assignments of error in the petition and petitioner's opening statement, to have been his theory. There are, therefore, no facts in evidence from which it can be found that the Commissioner erred in his determination of the deficiencies for the taxable years; and we find no such error. Therefore, Decision will be entered for the respondent for all taxable years.